UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CASSANDRA SAFFORD and**
**JOSHUA SAFFORD,**
        **Plaintiff,**

**v.**                             **No. 1:16-cv-216**

**WAL-MART STORES, INC. and**
**JOHN DOE,**
        **Defendant.**

## NOTICE OF REMOVAL

Defendant Wal-Mart Stores East, L.P. ("Wal-Mart"), improperly named as "Wal-Mart Stores, Inc.," by and through their counsel of record, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Megan T. Muirhead and Emily Chase-Sosnoff), hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the State of New Mexico, County of Bernalillo, Second Judicial District to the United States District Court for the District of New Mexico, Albuquerque Division.  The grounds for removal are as follows:

1.     Plaintiffs commenced this action by filing a Complaint on January 5, 2016 in the Second Judicial District Court of the State of New Mexico, County of Bernalillo, titled *Cassandra Safford and Joshua Safford v. Wal-Mart Stores, Inc. and John Doe*, D-202-CV-2016-00096. A true and correct copy of the Complaint, as well as all other documents filed in the Second Judicial District Court, is attached hereto as **Exhibit A.** Wal-Mart was formally served with the Complaint on January 18, 2016.

2.     Plaintiffs' Complaint alleges that Plaintiff Cassandra Safford suffered personal injuries on or around February 21, 2013, resulting from a futon in the pharmacy waiting area of a Wal-Mart store in Albuquerque, Bernalillo County, New Mexico, that allegedly "collapsed when

Plaintiff Cassandra Safford sat down causing her to fall and hit her tailbone on the hard floor."
*See* **Exhibit A**, Complaint ¶ 12. The Complaint alleges that Plaintiff Joshua Safford suffered a
loss of household services and a loss of consortium. *Id.* at ¶¶ 21-22. Plaintiff's Complaint does
not pray for a specific amount of damages.

3.      Defendant Wal-Mart served written discovery on Plaintiffs on January 29, 2016,
and filed its Answer to the Complaint on February 4, 2016.

4.      Wal-Mart received Plaintiffs' responses to its first set of written discovery on
March 16, 2016. Therein, in response to Request for Admission No. 1, Plaintiff Cassandra
Safford checked "Admit" for the Request stating, "Admit that you are seeking more than
$75,000.00 (Seventy Five Thousand Dollars), exclusive of interests and costs, as damages in this
lawsuit." *See* **Exhibit B,** attached hereto.

5.      Removal of this action is timely pursuant to 28 U.S.C. § 1441 and § 1446(b) as it
is filed within 30 days after receipt by Wal-Mart of documentation from which it can be
ascertained that this case is removable.

6.      The only other defendant identified in this action is a "John Doe" defendant. John
Doe defendants do not defeat diversity for purposes of removal.  28 U.S.C. § 1441(a) ("For
purposes of removal under this chapter, the citizenship of defendants sued under fictitious names
shall be disregarded"); and *Australian Gold, Inc. v. Hatfield,* 436 F.3d 1228, 1235 (10th Cir.
2006) ("We join these other circuits in holding, consistent with the text of 28 U.S.C. § 1441(a),
that the citizenship of "John Doe" defendants should be disregarded when considering the
propriety of removal under 28 U.S.C. §§ 1441(a) and 1332").

## I.     The Procedural Requirements for Removal Have Been Satisfied.

7.     The United States District Court for the District of New Mexico is the Federal Judicial District encompassing the Second Judicial District Court for Bernalillo County, New Mexico, where this lawsuit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

8.     Copies of the Complaint, Summons, and all other pleadings filed in the Second Judicial District Court are attached hereto as **Exhibit A.**

9.     A copy of this Notice of Removal is being served on counsel for Plaintiff and filed with the Clerk of the Second Judicial District Court for Bernalillo County, New Mexico, as provided by 28 U.S.C. § 1446(d).

10.     Consent of all Defendants who have been served is required to properly effectuate removal. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that "all defendants who have been properly joined and served must join in or consent to the removal of the action"). The only Defendant named and served in this case is Wal-Mart, as the other Defendant, "John Doe," is a legal fiction. The consent of another defendant is therefore unnecessary for removal. *Bonadeo v. Lujan*, 2009 U.S. Dist. LEXIS 45672, *16 (D.N.M.) (Browning, J.) ("John Doe defendants are not required to join in the removal notice").

11.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

12.     Under the applicable provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b) and other applicable statutes, with which Wal-Mart has complied, this cause of action is removable to the United States District Court for the District of New Mexico.

## II.     This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332.

13.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §

1332, which provides for original jurisdiction over lawsuits where there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000); *Symes v. Harris*, 472 F.3d 754 (10th Cir. 2006).

### A.    Complete Diversity of Citizenship Exists.

14.    Diversity jurisdiction is determined "based on the facts as they existed at the time the complaint was filed." *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (cited authority omitted).   Under 28 U.S.C. § 1332, "[d]iversity for purposes of jurisdiction of federal court means total diversity, that is, all parties on one side must have citizenship diverse to those on the other side." *Knoll v. Knoll*, 350 F.2d 407 (10th Cir. 1965).

15.    Upon information and belief, Plaintiffs are, and were at the time this suit was filed, citizens of the state of New Mexico. **Exhibit A**, Complaint ¶¶ 1-2.

16.    Defendant Wal-Mart Stores East L.P. is, and was at the time Plaintiff commenced this action, a Delaware limited partnership.   Its sole general partner, WSE Management, LLC, is a Delaware limited liability company.   Its sole limited partner, WSE Investment, LLC, is also a Delaware limited liability company.   Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.) is the sole member of WSE Management, LLC and WSE Investment, LLC.   Wal-Mart Stores East, LLC is an Arkansas limited liability company.   The sole member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc., which is a Delaware corporation.   The principal place of business for all entities mentioned is Bentonville, Arkansas.   Accordingly, Wal-Mart Stores East, L.P., is not a citizen of the State of New Mexico for diversity purposes. *See* 28 U.S.C. § 1332(c)(1) (stating "a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place

of business"); *see also Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1222 (10th Cir. 2011) (limited partnership is citizen of every state in which any of its partners is a citizen); *Siloam Spring Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (limited liability companies are treated as partnerships for citizenship purposes and are therefore citizens of every state in which any of its members are citizens).

17.     Thus, there is complete diversity of citizenship between Plaintiffs and Defendant as required by 28 U.S.C § 1332.

**B.     The Amount in Controversy Exceeds $75,000.**

18.     To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

19.     Pursuant to 28 U.S.C. § 1446(b)(3), if the case is not removable based on the initial pleadings, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Pursuant to 28 U.S.C. § 1446(c)(3)(A), discovery responses are considered "other papers" under § 1446(b)(3) to show that the amount in controversy is above $75,000, triggering removal.

20.     Plaintiff's Complaint does not pray for a specific amount of damages.

21.     In Plaintiff Cassandra Safford's Response to Request for Admission No. 1, Ms. Safford checked "Admit" for the Request stating, "Admit that you are seeking more than $75,000.00 (Seventy Five Thousand Dollars), exclusive of interests and costs, as damages in this lawsuit." **Exhibit B**. Wal-Mart received this response on March 16, 2016. "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if

made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).

22.     Plaintiff Cassandra Safford further alleges in her discovery responses that her past medical expenses in this case total $62,180.83. **Exhibit B**. In their Complaint, Plaintiffs state that Plaintiff Cassandra Safford has suffered "considerable pain and suffering" and loss of enjoyment of life, and will incur future medical expenses. **Exhibit A**, Complaint, ¶¶ 19-20. The Complaint further states that Plaintiff Joshua Safford has suffered a loss of household services and a loss of consortium. **Exhibit A**, Complaint, ¶¶ 21-22. "It is common in personal injury cases to settle on the basis of three times the medical expenses." *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1207 (D.N.M. 2012) (finding that defendant sufficiently established amount in controversy exceeded $75,000). Therefore, Wal-Mart also has a good faith basis for asserting diversity jurisdiction based on Plaintiffs' discovery responses, independent of Plaintiff Cassandra Safford's Response to Request for Admission No. 1.

23.     While Wal-Mart disputes the claims raised in the Complaint, by Plaintiff Cassandra Safford's own admissions and discovery responses, the amount in controversy requirement of 28 U.S.C § 1332(a) is satisfied, and this case is appropriate for removal.

**III.     Conclusion**

24.     Defendant has satisfied all requirements for removal and reserves the right to amend this Notice of Removal.  If any questions of the propriety of this removal should arise, Defendant requests the opportunity to present a brief and argument in support of this removal.

WHEREFORE, Defendant respectfully requests that this Court assume full jurisdiction over the action as provided by law.

Respectfully submitted,

**MODRALL SPERLING ROEHL HARRIS & SISK, P.A.**

By: */s/ Emily Chase-Sosnoff*
      Megan T. Muirhead
      Emily Chase-Sosnoff
      *Attorneys for Defendants*
      Post Office Box 2168
      Albuquerque, New Mexico  87103-2168
      Telephone: 505.848.1800

I HEREBY CERTIFY that on the 22nd day of March, 2015, I submitted for e-filing the foregoing document through "Odyssey File & Serve."

I FURTHER CERTIFY that on such date I served the foregoing to the participants/counsel in the manner indicated below to ensure that they will receive copies of the pleadings submitted for electronic filing:

Via e-mail:

Alexander D. Crecca
The Law Firm of Alexander D. Crecca, P.C.
Attorney for Plaintiffs
3200 Monte Vista Blvd. NE
Albuquerque, NM 87106
acrecca@creccalaw.com

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By:    */s/ Emily Chase-Sosnoff*
      Emily Chase-Sosnoff

Y:\dox\client\75301\0458\DRAFTS\W2670188.DOCX