IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CASSANDRA SAFFORD and
JOSHUA SAFFORD,

       Plaintiffs,

vs.                                                              No. 1:16-cv-216 WJ-KK

WAL-MART STORES, INC. and
JOHN DOE

       Defendants.

**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT WAL-MART'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court on Defendant Wal-Mart Stores East, L.P. ("Wal-Mart")'s Motion for Summary Judgment and Memorandum in Support filed on January 19, 2017 (**Doc. 38**). Having reviewed the relevant pleadings and the applicable law, the Court finds the Motion for Summary Judgment is well-taken, and is therefore **GRANTED.**

**BACKGROUND**[1]

Plaintiffs Cassandra and Joshua Safford claim they suffered a variety of damages on February 21, 2013 when Ms. Safford sat on a futon in a Wal-Mart Pharmacy that allegedly collapsed. Ms. Safford claims the futon was placed on risers that collapsed when she sat down, causing her to fall and hit her tailbone on the floor. Ms. Safford explained that her bottom made contact with the floor "slightly" and that it was halfway on the futon cushion and halfway on the floor.

---

[1] These facts are taken from the Complaint and from Wal-Mart's statement of undisputed material facts. Plaintiffs did not file a Response to the Motion for Summary Judgment, so Wal-Mart's facts are deemed admitted. *See* Fed. R. Civ. P. 56(e)(2). References to supporting exhibits are omitted, since they can be found in the Motion for Summary Judgment.

Surveillance video of the incident shows that Ms. Safford did not fall. The video depicts Ms. Safford sitting on the futon, the futon shifting slightly, and Ms. Safford immediately standing up and walking away. The futon did not collapse, and no part of the seat made contact with the floor, as evident by the fact that Ms. Safford remained seated on the cushion. Ms. Safford admitted in her deposition that her memory of the incident is inconsistent with the video.

Before the incident, Ms. Safford had recurring back injuries. Ms. Safford was also approximately eight to ten weeks pregnant at the time of the incident.

Mr. Safford was not present at the time of the incident and has never seen the surveillance video.

Plaintiffs filed a Complaint on January 5, 2016 asserting five counts against Wal-Mart: Negligence; Negligence Per Se; Prima Facie Tort; Negligent Entrustment, Hiring, Retention, Supervision, Training Instruction And Evaluation, Invoking the Doctrine of Respondeat Superior; and Punitive Damages. Plaintiffs claim the Wal-Mart incident caused Ms. Safford to suffer an injury to her back (a herniated disc), which caused back pain that radiated to her legs and eventually necessitated back surgery.

Regarding damages, Plaintiffs allege that as a result of the February 21, 2013 incident, Ms. Safford sustained severe and permanent injuries, pain and suffering, and has incurred medical expenses and will continue to incur medical expenses. She states she has been precluded from many of her daily activities and has suffered loss of enjoyment of life. Mr. Safford asserts a claim for loss of consortium.

During discovery, Ms. Safford explained that no medical doctor stated her claimed injuries were caused by the incident at Wal-Mart. No medical provider told her she needed surgery as a result of the incident, or that she would need any future treatments on her back. In

fact, Ms. Safford does not experience pain that affects her life, has no permanent injuries, and her doctor stated that he was "very happy" with the results of her back surgery.

At her deposition, Ms. Safford raised a new damage claim regarding her pregnancy. She claims that while she was pregnant, a small white dot was visible on her daughter's liver during an ultrasound. The white dot was later diagnosed as a calcium deposit. No medical provider ever told Ms. Safford that the calcium deposit was caused by the Wal-Mart incident.

Under the Court's Pre-Trial Scheduling Order, Plaintiffs were required to disclose their expert witnesses by September 28, 2016. Doc. 24 at 2. Wal-Mart was to disclose its expert witnesses by November 11, 2016. *Id.* Plaintiffs failed to disclose any expert witnesses or to produce any expert reports addressing medical causation of Plaintiffs' alleged injuries. Ms. Safford confirmed in discovery that she will not call any expert witnesses at trial.

Wal-Mart timely disclosed its expert, G. Theodore Davis, M.D. ("Dr. Davis") along with his expert report. *See* Doc. 32. Dr. Davis reviewed Ms. Safford's imaging records, her medical records from seven providers, her discovery responses, photos of the futon, and the surveillance video. Dr. Davis concluded there is no medical basis to conclude the February 21, 2013 incident at Wal-Mart caused Ms. Safford to sustain a clinically significant back injury. Dr. Davis explained that when viewing the surveillance video:

> [W]hen plaintiff sat down at the right end of the couch for the second time after she stood up to reposition her body, the futon couch shifted as she sat, she remained seated on the cushion and did not demonstrate any excessive or abnormal body movements because of which there would be a medical basis to support a conclusion that she could have experienced a consequential clinical mechanism of injury to her lower back or other body regions.

Dr. Davis also noted Ms. Safford had a prior history of back complaints, beginning in at least early 2010, and that the medical record from her first midwife visit after the incident, on February 26, 2013, makes no reference to the Wal-Mart incident. Dr. Davis opined there is "no

medical basis to support a conclusion that any pre-existing condition had been aggravated by or otherwise adversely affected by this event" and there is no medical basis to support a conclusion that the February 21, 2013 incident caused Ms. Safford to develop medical conditions or disorders which resulted in a temporary or permanent disability, or limited her capacity to engage in her usual life and work activities.

Sometime after the incident, Ms. Safford began reporting an erroneous medical history about her back problem inconsistent with her prior medical records.

On May 5, 2016, the Court allowed Plaintiffs' counsel to withdraw from their representation in this matter. Doc. 17. On August 15, 2016, Plaintiffs moved the Court for an extension of time to seek new counsel. Doc. 26. Plaintiffs explained that they reached out to five attorneys, each of whom declined to take Plaintiffs' case. Though Plaintiffs were given ample time to procure new counsel, they have been unable to find an attorney who will accept their case, and they remain unrepresented. While the Court acknowledges the difficult position Plaintiffs find themselves as pro se plaintiffs in this case, the Court is not in a position to allow this case to languish on the docket in hopes that one day in the future Plaintiffs can retain new counsel to represent them.

Wal-Mart filed its Motion for Summary Judgment on January 19, 2017 (Doc. 38). Plaintiffs were therefore required to file a response in opposition to the motion on or before February 6, 2017. *See* D.N.M.LR-Civ. 5.1(a), 7.4(a); Fed. R. Civ. P. 6(d). However, as of February 9, 2017, Plaintiffs still had not filed a response to the motion. Thus, on that date, Defendant Wal-Mart filed a Notice of Completion of Briefing (Doc. 40), indicating that briefing on the Motion for Summary Judgment is complete and that the motion is now ready for decision.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 922 F.3d 1033, 1036 (10th Cir. 1993) (citations omitted).  Once the moving party meets its initial burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citation omitted).

A fact is material if it could have an effect on the outcome of the suit. *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014).  A dispute over a material fact is genuine if the evidence presented could allow a rational jury to find in favor of the nonmoving party. *EEOC v. Horizon/CMS Heathcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). A court is to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). A court cannot weigh the evidence and determine the truth of the matter, but instead determines whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and thus, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Summary judgment is not proper merely because a party fails to file a response.  The Tenth Circuit has summarized:

> [A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

*Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quotations omitted). Thus, Plaintiffs can be fairly deemed to have admitted Wal-Mart's statement of facts, confirming that no genuine issue of material facts exist and that Wal-Mart is entitled to summary judgment. *See id.*; Fed. R. Civ. P. 56(e)(2).

## DISCUSSION

Wal-Mart argues the Court should grant summary judgment in Wal-Mart's favor because Plaintiffs cannot meet their burden of proof to show the February 21, 2013 incident caused any injury to Ms. Safford. All of Ms. Safford's claims depend on her ability to prove that Wal-Mart caused her to suffer physical injuries. Plaintiffs cannot establish that the February 21, 2013 incident at Wal-Mart caused Ms. Safford's herniated disc, back pain, or any other injury, and since Plaintiffs failed to timely disclose expert witnesses and reports, they are now barred from offering medical causation testimony at trial.

Moreover, Wal-Mart contends Mr. Safford's claim for loss of consortium is barred because it is derivative of Ms. Safford's personal injury claim, which fails as a matter of law. The Court agrees that Wal-Mart is entitled to summary judgment, and considers each of Wal-Mart's arguments in turn.

    **I.**     **Plaintiffs Have No Evidence to Prove the February 21, 2013 Incident at Wal-Mart Caused Ms. Safford to Suffer Any Injury.**

At the outset, Wal-Mart contends the incident did not occur as Plaintiffs claim. Plaintiffs allege the futon collapsed when Ms. Safford sat down, causing her severe back injuries. The surveillance video of the incident shows Ms. Safford did not hit her tailbone on the hard floor as stated in the Complaint, and that neither the futon cushion nor Ms. Safford's bottom hit the floor as Ms. Safford claimed in her deposition. Ms. Safford admitted that her memory of the event is inconsistent with the surveillance video, and Mr. Safford admitted that he has never seen the surveillance video and is relying solely on his wife's word.[2]

The surveillance video can be dispositive of factual disputes regarding how the incident occurred. *See, e.g., Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1769 (2007) (where videotape "utterly discredited" respondent's version of events, appellate court erred in finding that there was a genuine issue of fact preventing summary judgment); *Lewis v. Sandoval*, 428 Fed. Appx. 808, 811 (10th Cir. 2011) (where police recording evidenced a pursuit, the plaintiff-appellant's claim that no pursuit occurred did not create an issue of fact preventing summary judgment).

Moreover, as Wal-Mart argues, even if there were some question as to how the incident occurred, Plaintiffs admitted they cannot prove the incident caused any physical injury to Ms. Safford. Plaintiffs attribute Ms. Safford's recurring back pain to the incident, and they have also vaguely referenced a potential causal link to a calcium deposit found on an ultrasound of their then-unborn daughter. However, Ms. Safford admitted that no doctor has ever told her that her back pain was caused by the incident; no doctor has ever told her that her disc herniation was caused by the incident; no medical provider ever told her what caused the condition that resulted

---

[2] The Court cannot help but observe that Plaintiffs' former counsel withdrew shortly after Plaintiffs' first discovery responses were served, and the Court questions whether the explanation for the withdrawal was based, at least in part, on the fact that the surveillance video does not support Ms. Safford's description of the event on February 21, 2013. The surveillance video and what it depicts could also be a reason why none of the five attorneys Ms. Safford contacted was willing to get involved in this case as Plaintiffs' counsel.

in her needing surgery; no medical provider ever told her that she needed surgery because of the incident at Wal-Mart; her midwife never told her that the calcium deposit on the ultrasound was caused by the incident; and no medical professional has ever told her that she has suffered from any medical condition that arose as a result of the February 21, 2013 incident at Wal-Mart.

Plaintiffs have no medical expert, and the deadline for disclosing a medical expert on causation has long passed. *See* Doc. 24. Wal-Mart's expert, Dr. Davis, determined there is no medical basis to conclude the incident caused Ms. Safford to sustain a clinically significant injury to her lumbar spine; there is no medical basis to conclude that any pre-existing condition had been aggravated by or otherwise adversely affected by this event; and there is no medical basis to support a conclusion that the incident caused Ms. Safford to develop medical conditions or disorders which resulted in a temporary or permanent disability, or limited her capacity to engage in her usual life and work activities.

In sum, the Court finds Dr. Davis's expert opinions indicate the incident did not cause Ms. Safford's alleged injuries, and Plaintiffs cannot offer any evidence to the contrary, so there is no basis to support the conclusion that Ms. Safford's alleged February 21, 2013 fall caused her herniated disc, back pain, or other disabling medical condition. Plaintiffs have no expert testimony to prove that the incident caused any medical damages, and Ms. Safford herself has testified that no medical provider has ever told her there is a causal link between the incident and her medical conditions. Therefore, Plaintiffs have no expert testimony establishing proximate cause, as required by New Mexico law.

**II.     Ms. Safford's Alleged Injuries Require Expert Causation Testimony.**

The Court next finds the testimony of an expert medical witness is necessary for a jury to determine the cause of Ms. Safford's alleged injuries because the injuries are complex conditions and are outside the province of the average person.

When the subject matter is within the knowledge or experience of lay people, expert testimony is unnecessary; expert testimony is appropriate when it relates to issues that are beyond the understanding of people of ordinary experience. *See* Fed. R. Evid. 702. When a topic "requires special experience, only the testimony of a person of that special experience will be received." *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 848 (10th Cir. 1979). The rules of evidence do "not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness.'" *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011) (quoting *Randolph,* 590 F.2d at 846). "[A] person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person." *LifeWise Master Funding v. Telebank*, 374 F.3d 917 (10th Cir. 2004); *Woods v. Brumlop,* 1962-NMSC-133, ¶ 15, 71 N.M. 221, 377 P.2d 520 ("[T]he cause and effect of a physical condition lies in a field of knowledge in which only a medical expert can give a competent opinion.").

The Court agrees with Wal-Mart that Ms. Safford's alleged injuries are complex, because they required referrals or treatment by several medical professionals, and eventually necessitated back surgery. Furthermore, there are multiple potential causes of Ms. Safford's alleged injuries, including her prior recurring back problems, her pregnancy, an unreported injury, or other unknown factors including a spontaneous disc herniation. For these reasons, Ms. Safford's alleged injuries are not injuries that are simple enough that a lay person could reasonably

evaluate causation.  *See James River*, 658 F.3d at 1214.   Plaintiffs were thus required to procure expert causation testimony, which they failed to do, so summary judgment in Wal-Mart's favor is appropriate.

> **III.     Summary Judgment Is Appropriate Because Plaintiffs Cannot Establish Causation And Cannot Meet Their Burden Of Proof.**

Wal-Mart next argues Plaintiffs carry the burden of establishing that the alleged February 21, 2013 fall at Wal-Mart contributed to any of Ms. Safford's alleged injuries.  Plaintiffs cannot establish medical causation and, therefore, cannot meet their burden to prove negligence.

The Court agrees.  First, as noted above, Plaintiffs failed to designate any testifying expert witnesses on the issue of medical causation and failed to include any expert reports on the issue of medical causation.  Second, Plaintiffs also failed to designate any of Ms. Safford's treating physicians as experts regarding causation.  "Ordinarily, what constitutes the proximate cause of any injury is a question of fact . . . However, the question of proximate cause becomes a question of law when the facts are undisputed and there is no evidence from which a jury could reasonably find a causal connection between the allegedly negligent act and the injury." *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1023 (10th Cir. 2001) (quotation omitted).  Under New Mexico law, it is well-settled that the plaintiffs bear the burden of proof of establishing medical causation, and the plaintiffs cannot prevail on the issue of medical causation without expert testimony directly supporting their conclusion.  *See Woods*, 1962-NMSC-133, ¶ 15 ("[T]he cause and effect of a physical condition lies in a field of knowledge in which only a medical expert can give a competent opinion."); *Baca v. Bueno Foods*, 1988-NMCA-112, ¶ 5, 108 N.M. 98, 766 P.2d 1332 ("To prove a proposition to a reasonable medical probability requires expert medical testimony establishing that the proposition is more likely than not.").

It is undisputed that Ms. Safford cannot establish causation through any of her treating providers because none of those providers told her that any of her injuries were caused by the Wal-Mart incident.  Thus, in this case the only admissible evidence on medical causation comes from Dr. Davis, Wal-Mart's expert.  Dr. Davis opines there is no medical basis to support the conclusion that the February 21, 2013 incident at Wal-Mart caused or contributed to Plaintiff's alleged injuries. Plaintiffs have failed to timely designate an expert who can legally rebut this evidence and Plaintiffs cannot meet their Rule 56 burden on medical causation.  Therefore, the Court grants summary judgment in Wal-Mart's favor on all of Plaintiffs' claims.

### IV. Because Plaintiff Cassandra Safford's Personal Injury Claim Fails as a Matter of Law, Plaintiff Joshua Safford's Loss of Consortium Claim Also Fails.

Finally, the Court agrees with Wal-Mart that Mr. Safford's claim for loss of consortium fails as a matter of law because it is entirely derivative of his wife's personal injury claims.  Loss of consortium derives from the underlying cause of action in the physically-injured spouse. *Archer v. Roadrunner Trucking, Inc.*, 1997-NMSC-003, ¶ 11, 122 N.M. 703.  "[I]f the defendant did not cause the injured spouse's damages, from which flow all the damages for loss of consortium, defendant's actions cannot be the proximate cause of the loss of consortium damages either." *Turpie v. Sw. Cardiology Assocs., P.A.*, 1998-NMCA-042, ¶ 9, 124 N.M. 787.  Therefore, the Court dismisses Plaintiffs' loss of consortium claim against Wal-Mart because the Court has entered summary judgment in Wal-Mart's favor on Ms. Safford's personal injury claims.

In closing, the Court is sympathetic to the fact that Plaintiffs are proceeding *pro se* in this matter.  However, Plaintiffs have had ample time to locate counsel, but nearly nine months after their attorney withdrew from this case, they have not done so.  *See* Docs. 22, 23, 26, 27.  The

Court has thus construed their pleadings liberally, but ultimately Plaintiffs have not carried their burden to oppose Wal-Mart's Motion for Summary Judgment because they filed no Response. *See Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008) ("Because [plaintiff] is proceeding pro se, we construe his pleadings liberally, but we do not act as his advocate."); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (finding that a litigant's *pro se* status does not excuse the obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure). There are simply no facts in the record that could allow any fair-minded jury to return a verdict for Plaintiffs. *See Anderson*, 477 U.S. at 248.

Accordingly, the Court finds that Wal-Mart's Motion for Summary Judgment (**Doc. 38**) is well-taken, and therefore **GRANTED**. Plaintiffs' claims against Wal-Mart are hereby dismissed **WITH PREJUDICE**.

    **SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE